IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Civil Case No. 91-1501-JFM |
| v. | : | |
| | : | |
| CHROMATEX, INC., THE | : | |
| VALMONT GROUP, ALAN | : | |
| CHERENSON, STANLEY SIEGEL, | : | (Judge McClure) |
| ALAN SHULMAN, JAMES | : | |
| COCHRAN and JOSEPH BYRNES, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

July 12, 2006

**BACKGROUND:**

On October 30, 1991, the United States commenced this action by filing a complaint under § 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607. The complaint sought recovery of the costs incurred by the United States Environmental Protection Agency ("EPA") responding to a release and threatened release of hazardous substances from a manufacturing facility located in Valmont Industrial Park, Hazle Township, Pennsylvania (the "Site"). The complaint also sought a declaratory judgment on the defendants' liability for future response costs pursuant

to § 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and pursuant to 28 U.S.C. § 2201.

On February 9, 1994, we issued a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure finding all defendants liable for $682,002.16, and establishing a procedure for the payment of additional costs and future response costs incurred at the Site. On September 29, 1994, the United States Court of Appeals for the Third Circuit affirmed our decision.

On May 3, 2006, defendants Alan Cherenson, Stanley Siegel, and Alan Shulman (collectively self-identified as the "former Valmont Partners"), filed a motion for further relief.  The former Valmont Partners have moved the court to: (a) order the EPA to file with the court its administrative record for its new and additional response actions taken by the EPA after November 15, 1988; (b) issue a case management order setting a schedule for discovery, pleadings, and dispositive motions; (c) grant leave to the former Valmont Partners to file a cross-claim for contribution and indemnification against defendant Chromatex, Inc.; and (d) grant leave to the former Valmont Partners to file a third-party claim for contribution and indemnification against Rossville Industries, Inc., Culp, Inc., Chromatex Properties, Inc., and any other successor of Chromatex, Inc. or subsequent owner of the Site. On June 22, 2006, plaintiff United States filed a brief in opposition and defendants

the former Valmont Partners filed a reply brief on July 7, 2006.

In response to the former Valmont Partners' recent motion, at the end of May 2006, two of the counsel of record, Daniel Segal and Joseph J. Connolly, filed "Verified Notice As to Non-Representation of Defendants." Segal indicates his representation ended when the case was closed in 1994 and he has since moved to a new firm and did not take any of the defendants as clients with him. Connolly indicates that he has no recollection of entering an appearance in this matter and that he had represented defendant Chromatex, Inc. in approximately a half-dozen depositions of individuals who had asserted personal injury claims against Chromatex, Inc. in the Middle District of Pennsylvania distinct from this action.

On June 16, 2006, the former Valmont Partners filed a motion for determination and orderly transition of defendants' legal representatives. That motion seeks that the court issue an order that: (a) directs previous counsel to represent and defend defendants Chromatex, Inc., James Cochran, and Joseph Byrnes until successor counsel enters an appearance, and (b) directs all previous counsel to provide, without conditions, a complete case file relating to the matter docketed at Case No. 91-1501-JFM to the former Valmont Partners' current legal counsel. On June 21, 2006, we issued an order directing counsel of record Segal and Connolly to respond to the June 16, 2006 motion. Both timely replied on July

7, 2006. Movants filed a reply brief July 11, 2006.

Before we will rule on any of the motions before us we must direct Segal and Connolly to Local Rule 83.15, which provides:

> Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.

In light of the notices of nonrepresentation (which had no effect) and the other briefings before the court, it is clear that counsel of record Segal and Connolly wish to be withdrawn from the case. In order for Segal and Connolly to be withdrawn we ask that they adhere to the Local Rules and file motions for leave to withdraw with supporting briefs. Our ruling on any pending motion will be reserved until the matter of the parties' representation is fully resolved.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Joseph J. Connolly, Esquire, and Daniel Segal, Esquire may file a motion for leave to withdraw from the action on or before July 24, 2006.

                                                    s/ James F. McClure, Jr.
                                                    James F. McClure, Jr.

United States District Judge