IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Civil Case No. 91-1501 |
| v. : | |
| : | |
| CHROMATEX, INC., THE : | |
| VALMONT GROUP, ALAN : | |
| CHERENSON, STANLEY SIEGEL, : | (Judge McClure) |
| ALAN SHULMAN, JAMES : | |
| COCHRAN and JOSEPH BYRNES, : | |
| : | |
| Defendants. : | |

MEMORANDUM

October 17, 2006

Before the Court is a 28 U.S.C. § 2202 motion for further relief filed by Defendants Alan Cherenson, Stanley Siegal, and Alan Shulman (collectively self-identified as the "former Valmont Partners"). The motion is based on declaratory relief awarded to the Plaintiff in two orders issued on October 27, 1993 and February 9, 1994 (the "1993 Order" and "1994 Order" respectively). For the following reasons, we will deny the former Valmont Partner's motion.

BACKGROUND:

On October 30, 1991, the United States commenced this action by filing a complaint under § 107 of the Comprehensive Environmental Response,

1

Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607. The complaint sought recovery of the costs incurred by the United States Environmental Protection Agency ("EPA") responding to a release and threatened release of hazardous substances from a manufacturing facility located in Valmont Industrial Park, Hazle Township, Pennsylvania (the "Site"). The complaint also sought a declaratory judgment on the defendants' liability for future response costs pursuant to § 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and pursuant to 28 U.S.C. § 2201.

On October 27, 2003, we issued an order granting the Plaintiff, among other things, declaratory relief providing that the defendants would be liable for future response costs or damages incurred at the Site. (Rec. Doc. No. 43). On February 9, 1994, we issued a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and found all defendants liable for $682,002.16. (Rec. Doc. No. 50). In addition, we established a procedure for the payment of the future response costs referred to in the 1993 Order. This procedure set forth the following method for handling payment disputes:

> Defendants may dispute payment of Additional Costs and Future Response Costs if defendants determine that the United States has made an accounting error or if they allege that a cost item that is included represents costs are inconsistent with the National Contingency Plan (NCP), 40 C.F.R. Part 300. Any such dispute shall

specifically identify the contested costs and the basis for defendants' objection to the costs and shall be sent to plaintiff at the addresses specified above. The parties shall negotiate in good faith to resolve disputed claims. If the parties fail to resolve a dispute within thirty (30) days of defendants' written notification to plaintiff of the dispute, *plaintiff may request by motion and supporting documentation that this Court order defendants to pay the disputed costs. Id.* (emphasis added).

On September 29, 1994, the United States Court of Appeals for the Third Circuit affirmed our decision.

Starting in 2005, Plaintiff has sent bills to the former Valmont Partners requesting payment for future response costs incurred at the Site. After the parties exchanged several letters regarding the validity of such costs, on May 3, 2006, the former Valmont Partners filed a motion for further relief pursuant to 28 U.S.C. § 2202. Despite the explicit procedure already set forth by the 1994 Order, the former Valmont Partners move this Court to establish "a procedure by which their liability and that of other potentially liable parties for new and additional response costs...may be determined." (Rec. Doc. No. 66, at 1-2). Specifically, the former Valmont Partners request that the court: (a) order the EPA to file with the court its administrative record for its new and additional response actions taken by the EPA after November 15, 1988; (b) issue a case management order setting a schedule for discovery, pleadings, and dispositive motions; © grant leave to the former

3

Valmont Partners to file a cross-claim for contribution and indemnification against defendant Chromatex, Inc.; and (d) grant leave to the former Valmont Partners to file a third-party claim for contribution and indemnification against Rossville Industries, Inc., Culp, Inc., Chromatex Properties, Inc., and any other successor of Chromatex, Inc. or subsequent owner of the Site. *Id.* at 14-15. On June 22, 2006, plaintiff United States filed a brief in opposition and defendants, the former Valmont Partners, filed a reply brief on July 7, 2006.

After being fully briefed, this motion is ready for adjudication.[1] For the following reasons, we will deny the motion. First, we find that the former Valmont Partners have no statutory authority to move for further relief under 28 U.S.C. § 2202 because they were the unsuccessful party in plaintiff's declaratory action. As the parties that did not obtain the initial relief in the original declaratory judgment, the former Valmont Partners cannot now move for further relief. Second, even if the former Valmont Partners did have statutory authority, 28 U.S.C. § 2202 grants this Court discretion in determining this motion. Pursuant to that discretion, we find that the former Valmont Partners' requested relief is unnecessary because the 1994 Order already provides an adequate procedure for

---

[1] We had delayed consideration of this motion so that the court could consider motions to withdraw filed by two attorneys of record for the defendants. *See* Rec. Doc. No. 80. Those motions have been granted. *See* Rec. Doc. No. 96.

4

handling payment disputes regarding future response costs. We also find that because that procedure grants the plaintiff - and not the defendants - discretion to pursue by motion such costs, the former Valmont Partners' challenge of costs not yet pursued by the plaintiff in this Court is premature and inconsistent with the 1994 Order's procedure.

**DISCUSSION:**

*1. Standard*

28 U.S.C. § 2202 is part of the Declaratory Judgment Act, and is intended to permit a court to supplement an original declaratory judgment with either damages or equitable relief. *See Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999) (internal citations omitted). The statute states that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. It is within the trial court's discretion whether granting such further relief is appropriate. *Id.*; *United Teacher Assoc. Ins. v. Union Labor Life Ins.*, 414 F.3d 558, 569 (5th Cir. 2005). The purpose of 28 U.S.C. § 2202 is to facilitate the notion that "every court, with few exceptions, has inherent power to enforce its decrees and to make sure such orders as may be necessary to render them

effective." *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988), *cert. denied*, 488 U.S. 849 (internal citations omitted).

*2. Only Prevailing Party Can Move Under 28 U.S.C. § 2202*

Several courts, including the Third Circuit, have made statements suggesting that only the party prevailing at the original declaratory judgment stage can seek further relief under 28 U.S.C. § 2202. *See Alexander & Alexander, Inc. v. Van Impe*, 787 F.2d 163, 166 (3d Cir. 1986) ("The prevailing party in a declaratory judgment action subsequently may seek *further* relief."); *Horn & Hardart Co.*, 843 F.2d at 549 ("Indeed, the very language of § 2202 indicates that the prevailing party in a declaratory judgment may seek further relief"); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 537 (5th Cir. 1978) (same). The former Valmont Partners have not cited to any case - nor could we find any - that permitted the unsuccessful party to seek further relief under 28 U.S.C. § 2202. In fact, at least one court has specifically rejected such a notion. *See Am. Forest Res. Council v. Shea*, 172 F. Supp. 2d 24, 29-30 (D.D.C. 2001).

The language and purpose of 28 U.S.C. § 2202 further support this conclusion. 28 U.S.C. § 2202 allows for further relief "based" on the original declaratory judgment. The purpose of the statute is to allow a court to issue future relief consistent with the original declaratory relief. *GNB Battery Tech., Inc. v.*

*Gould, Inc.*, 65 F.3d 615, 621 (7th Cir. 1995). Allowing the party that was opposed to the original relief to move for further relief would undermine this purpose because undoubtedly the losing party would still be opposed to the original relief. Therefore, any further relief sought by the losing party would be inconsistent with the original declaratory judgment, a result antithetical to the language and purpose of 28 U.S.C. § 2202.[2]

Here, the former Valmont Partners were the unsuccessful parties at the original declaratory judgment stage. The plaintiff was awarded declaratory relief that declared defendants liable for future response costs at the Site. Plaintiff also was provided a procedure which the plaintiff could use to collect such costs. Therefore, it was the plaintiff - and not the former Valmont Partners - that was the prevailing party. As the unsuccessful parties to the original declaratory action, the former Valmont Partners have no statutory authority to move for further relief under 28 U.S.C. § 2202.

3. *Former Valmont Partners' Motion is Unnecessary and Inconsistent with Original Declaratory Relief*

Even if the former Valmont Partners did have statutory authority to move

---

[2] Indeed, as discussed more below, this is exactly the case in this instance. The relief requested by the former Valmont Partners is inconsistent with the original declaratory relief awarded to the Plaintiff in our 1993 and 1994 Orders.

under 28 U.S.C. § 2202, the statute leaves it within the court's discretion to grant further relief that is consistent with the original declaratory judgment. *GNB Technologies*, 65 F.3d at 621. Here, we find that the former Valmont Partners requested relief is unnecessary and inconsistent with our original declaratory judgment.

The former Valmont Partners are requesting a procedure to determine the validity of the future response costs charged to them by the plaintiff. Yet, our 1994 Order already provides for such a procedure by requiring the parties to first try to resolve any payment disputes among themselves. If unsuccessful, then the *"plaintiff may request by motion and supporting documentation that this Court order defendants to pay the disputed costs."* (Rec. Doc. No. 50) (emphasis added). Once the plaintiff files such a motion, the former Valmont Partners would have the opportunity to challenge the validity of the response costs charged to them. Therefore, the former Valmont Partners' requested relief for a procedure to determine the validity of the future response costs is unnecessary because the 1994 Order already provides the parties with one.

The requested relief is also inconsistent with our 1994 Order because it would come at the behest of a motion filed by the former Valmont Partners rather than a motion by the plaintiff. Our 1994 Order specifically grants the plaintiff the

discretion of filing first, not the Defendants. Because the plaintiff has not yet made a motion seeking future costs, the former Valmont Partners' attempt to challenge costs not yet sought in this Court is premature. Granting this motion would deprive the plaintiff of the discretion to act first as provided by our 1994 Order. All of the former Valmont Partners' arguments challenging the validity of the charged future response costs can be made when and if the plaintiff chooses to pursue such costs by motion, but not before.[3] Accordingly, we will deny the former Valmont Partners' motion.

/s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

---

[3] Although the Plaintiff did not challenge the former Valmont Partners' request for a determination of their indemnification and/or contribution rights, we find considering such rights at this point as premature.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Civil Case No. 91-1501 |
| v. | : |
| CHROMATEX, INC., THE VALMONT GROUP, ALAN CHERENSON, STANLEY SIEGEL, ALAN SHULMAN, JAMES COCHRAN and JOSEPH BYRNES, | : (Judge McClure) |
| Defendants. | : |

# ORDER

October 17, 2006

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The former Valmont Partners' Motion for Further Relief Pursuant to 28 U.S.C. § 2202 (Rec. Doc.No. 65, filed May 3, 2006) is denied.

2. The clerk is directed to close the case file.

James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

1